IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**ALGERNON DELIN DOBY**  **PLAINTIFF**
**ADC #095824**

v.                     No: 5:18-cv-00184 JM-PSH

**WENDY KELLEY,** *et al.*                    **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Algernon Delin Doby, an inmate at the Arkansas Department of Correction's Cummins Unit, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that he was falsely accused and convicted of possessing a phone. Doc. No. 2. The undersigned finds that Doby fails to describe facts sufficient to state a claim for relief and recommends dismissal of his claims.

### I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money

from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Doby contends he was issued a false disciplinary, convicted, and assigned to 60 days in administrative segregation. Doc. No. 2 at 5. Doby seeks reversal of the disciplinary conviction, damages for punitive days served, damages for pain and suffering, and restoration of 3,194 good time days. *Id.* at 6.

To state a Fourteenth Amendment due process claim, a plaintiff must "demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003). Doby was not deprived of life or property; accordingly, he must identify the deprivation of a liberty interest to sustain a due process challenge to his prison disciplinary proceeding. *Id.* at 847; *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A prisoner has no liberty interest in having certain procedures followed in the disciplinary process; rather, the liberty interest arises from the "nature of the prisoner's confinement." *Phillips*, 320 F.3d at 847. "In order to

determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)).

Doby contends he was placed in administrative segregation for 60 days as a result of the disciplinary conviction. An inmate has no liberty interest in avoiding segregated confinement, as long as the conditions do not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit Court of Appeals has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). Doby does not describe the conditions he endured in administrative segregation. Accordingly, Doby describes no conditions that could constitute the deprivation of a liberty interest.

Further, Doby seeks restoration of lost good time days. While a prisoner may have a liberty interest in keeping good time credits he has already earned, he can only pursue the restoration of those good time credits in a federal habeas action, after he has exhausted all of his available remedies in state court. 28 U.S.C. § 2254; *Edwards v. Balisok*, 520 U.S. 641, 643–44; *Heck v. Humphrey,* 512 U.S. 477 (1994); *Portley–El*, 288 F.3d at 1066–67. Similarly, a prisoner cannot obtain damages for the loss of any wrongfully taken good time credits until his allegedly improper disciplinary convictions are reversed by the highest state court or in a federal habeas action. *Id.* Because Doby seeks damages and restoration of good time credits for his allegedly wrongful conviction, this case falls within *Heck* and *Balisok* and should be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Doby's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 17th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE